UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA<br>CDCR #J-48500,<br><br>                              Plaintiff,<br><br>vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                              Defendant. | Case No.: 3:24-cv-00681-JES-KSC<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

Plaintiff Steve Wayne Bonilla, currently incarcerated at California Medical Facility in Vacaville, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff is a serial litigant, and seeks to have his 1988 Alameda County criminal judgment and death sentence in Case No. C-02-0636 MHP declared "void." (*See* Compl. at 7.) Bonilla claims he was arrested without probable cause and falsely imprisoned as the result of a malicious prosecution. (*Id.* at 3.)

/ / /

## I.   Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee only if the Plaintiff seeks and the court grants him leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

Therefore, to proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2). Using this financial information, the court "shall assess and when funds exist, collect, … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015).

/ / /

1    Bonilla has neither paid the $405 filing pursuant to 28 U.S.C. § 1914(a) nor
2 submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).
3 Therefore, his case cannot proceed. *See Andrews*, 493 F.3d 1047, 1051; *Hymas,* 73 F.4th
4 at 765.

5    And while the Court would typically grant Bonilla leave to file an IFP Motion, he
6 has abused that privilege so many times in the past he is precluded from doing so now
7 unless he faced "imminent danger of serious physical injury" at the time of filing. 28
8 U.S.C. § 1915(g). "A negative consequence that may impact a prisoner who files []
9 frivolous complaint[s] is a restriction on his ability to file future cases without prepaying
10 filing fees." *Harris v. Mangum*, 863, F.3d 1133, 1139 (9th Cir. 2017). Pursuant to
11 § 1915(g), a prisoner with three "strikes," *i.e.,* prior civil cases or appeals dismissed as
12 frivolous, malicious, or for failing to state a claim, "cannot proceed IFP." *Andrews v.*
13 *King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Bonilla is one of those prisoners, and he
14 makes no plausible allegations of imminent danger here. *See In re Steven Bonilla*, 2012
15 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the
16 Northern District of California, including the dismissal of 34 pro se civil rights actions
17 between June 1 and October 31, 2011 alone, which were dismissed "because the
18 allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3
19 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g),
20 he no longer qualifies to proceed *in forma pauperis* in any civil rights action." (citing *In*
21 *re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.)).

**II.    Initial Screening per 28 U.S.C. § 1915A(b)**

23    Even if Bonilla paid the full filing fee or were eligible to proceed IFP, however, 28
24 U.S.C. § 1915A, also enacted as part of the PLRA, requires *sua sponte* dismissal of
25 prisoner complaints like his, or any portions of them, which are "frivolous, malicious,"
26 those that "fail[ ] to state a claim upon which relief may be granted," or those that "seek[]
27 monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1), (2);

*Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015). Section 1915A(a) "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g., Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000).

"On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (citation omitted).

As noted above, Bonilla seeks to vacate his state criminal judgment pursuant to 42 U.S.C. § 1983. He may not. For state prisoners wishing to challenge to the validity of a criminal conviction or sentence, a habeas corpus action is the sole federal remedy. The United States Supreme Court has long held that a § 1983 suit cannot be used as "a collateral attack on [an individual's] conviction[.]" *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). *Heck* and its progeny reaffirm that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Simply put, "[r]elease from penal custody is not an available remedy under the Civil Rights Act." *Preiser*, 411 U.S. at 479; *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc)

("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence...."); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars ... claims that defendants lacked probable cause to arrest ... and brought unfounded criminal charges.").

For these reasons, the Court finds that Bonilla's Complaint also fails to state a claim upon which § 1983 relief can be granted and is therefore subject to *sua sponte* dismissal without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1). *See Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (finding that a § 1983 complaint barred by *Heck* may be dismissed for failure to state a claim when the pleading as a whole "present[s] an 'obvious bar to securing relief.'"). "[T]he PLRA expressly authorize[s] the district court to dismiss [a] complaint [barred by *Heck*] for failure to state a claim at any time even when ... the legal basis for the dismissal [is raised] o[n] its own accord." *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024). Dismissal of the complaint without leave to amend is appropriate if, as is true in Bonilla's case, "amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### III. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) and for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Leave to amend is **DENIED** and the Clerk of the Court is **DIRECTED** to close the file.

**IT IS SO ORDERED.**

Dated:  April 19, 2024

Honorable James E. Simmons Jr.
United States District Judge